# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

HAROLD MOISES M. V.,

        Petitioner,

v.

TODD BLANCHE, Acting Attorney General; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and DAVID EASTERWOOD, Acting Field Director, St. Paul Field Office Immigration and Customs Enforcement,

        Respondents.

Case No. 26-CV-2143 (NEB/DLM)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner is a citizen of Nicaragua who entered the United States in 2021. (ECF No. 1 ("Pet.") ¶¶ 18, 39.) Upon his entry, Petitioner was detained and placed in removal proceedings. (*Id.* ¶ 41.) He missed his hearing, so he has an order of removal. (*Id.* ¶ 3, 42.) Petitioner later filed a U-visa application, Form 918A, and Form I-192, which remain pending. (*Id.* ¶¶ 4, 32, 43.) Petitioner is a beneficiary of his spouse's U visa, for which she has a bona fide determination. (*Id.* ¶ 5.)

USCIS notified Petitioner that he must attend a biometrics appointment on March 31, 2026, or else USCIS would consider his application abandoned. (*Id.* ¶ 44.) ICE detained Petitioner at that appointment. (*Id.* ¶ 47.)

Petitioner filed a Petition for Writ of Habeas Corpus, alleging that his detention violates due process and the Administrative Procedure Act. The Court denies the Petition.

**ANALYSIS**

The Court may grant a writ of habeas corpus to a petitioner that demonstrates by a preponderance of the evidence that their detention violates the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525–26 (2004); *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023).

## I.    Due Process

Noncitizens are entitled to due process in deportation proceedings. *Demore v. Hyung Joon Kim*, 538 U.S. 510, 523 (2003). Still, detention during deportation proceedings is "a constitutionally valid aspect of the deportation process." *Id.*

Petitioner does not claim that his detention is not mandatory or that he has been detained too long, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Rather, he claims that his detention violates his due process rights because it was coordinated using information from his U visa application, *see* 8 U.S.C. § 1367(a)(2), and because he was detained without an I-200 administrative warrant, *see* 8 U.S.C. § 1357(a).

The Court has several initial concerns regarding whether there are sufficient factual and legal bases to conclude that Respondents, as alleged, used confidential

information from Petitioner's U visa application, detained Petitioner without a warrant, and thus violated laws and regulations. But setting these issues aside, a problem remains: He fails to connect these issues to the Due Process Clause and the requested relief. Petitioner does not explain how using confidential information or failing to supply an I-200 administrative warrant violates Petitioner's Fifth Amendment guarantees and requires release.

Further, when a noncitizen has a final order of removal, Section 1231 mandates detention. *Segundo R. v. Brott*, No. 26-CV-1914 (JMB/SGE) (D. Minn. Apr. 9, 2026), ECF No. 22 at 4–5. It is unclear how using confidential information would subvert a valid basis for detention—the final order of removal. *Id.* at 5 n.3 ("The Court cannot grant the Petition absent legal authority that the use of information from a U-visa application affects the validity of the previously issued removal order.").

And Respondents produced an I-200 warrant. (ECF No. 8-5.) Petitioner raises only one issue regarding the warrant—that it was served after Petitioner was taken into custody. (ECF No. 9 at 2–3.) But Petitioner fails to explain how same-day post-arrest service rises to the level of a due process violation requiring release from custody. *See Biyde v. Bondi*, No. 26-CV-1800 (SHL/SGE) (D. Minn. Apr. 20, 2026), ECF No. 8 at 4 (a warrant obtained the day of arrest "substantially complies with 8 U.S.C. § 1226(a) even if the warrant did not exist the moment of his arrest"). The Court denies this claim for relief.

## II. Administrative Procedure Act

An agency action may be set aside if it is arbitrary, capricious, or not in accordance with law. 5 U.S.C. § 706(2)(A). Petitioner asserts that Respondents violated the APA by detaining him before deciding Petitioner's pending immigration applications. (Pet. ¶¶ 68–73.) Petitioner again fails to articulate the legal authority to support this claim or

3

the requested remedy of release. *See Powell v. AG of the U.S.*, 543 F. App'x 124, 128 (3d Cir. 2012) (per curiam) ("[T]he filing of an application for a U visa has no effect on DHS's authority to execute a final removal order."). Without more, the Court must deny the Petition.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, Harold M. V.'s Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 5, 2026                                BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge